ROBERT P. SMITH, Jr., Chief Judge.
Attempting to sue and serve Lamb, a Georgia resident, for injuries received in a Florida traffic accident, appellant was repeatedly ineffectual in satisfying sections 48.161 and .171, Florida Statutes (1979). Those statutes provide for “substituted service” of process by leaving a copy with the Secretary of State, serving a copy on the nonresident defendant through one of the methods specified in the statute, and filing appropriate evidence of having done so “before the return day of the process or within such time as the court allows.” Section 48.161(1).
Though appellant did not satisfy the close timing requirements of the substituted service statutes, it appears that appellant accidentally complied with sections 48.193 and 48.194, providing for direct personal service outside the state of process issued upon complaint of a tort within the state. Appellant caused a Georgia sheriff to serve upon the Georgia defendant, on January 23, 1981, a copy of the alias summons issued in regular form by the clerk of the circuit court on October 17, 1980. Appellant had first sent the summons to the Secretary of State, who file-stamped a copy in October and apparently returned it to appellant’s counsel; but we know of no reason why that summons must be considered as having lost some necessary virginal quality by being first stamped by the Secretary of State, nor why that process could not then be served in a manner satisfactory to section 48.194, even if timing problems prevented compliance with section 48.161(1). The service was good, and appellant’s suit against Lamb must be reinstated.
REVERSED.
McCORD and MILLS, JJ., concur.